The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Jan N. Pittman. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in the pretrial Stipulations and Agreement and at the hearing as
STIPULATIONS
1. The parties are covered by the Act.
2. Plaintiff was employed by a subcontractor of Mastercraft Construction Company, Inc. on July 9, 1991.
3. State Farm Insurance Company was the duly qualified insurer for Mastercraft Construction Company, Inc. on July 9, 1991.
4. The parties will stipulate to medical records or depose necessary medical personnel within a reasonable time after the hearing of this matter.
5. The parties agree that the issues in this matter are as follows:
 a. Is the injury to plaintiff's eye a compensable injury under the Worker's Compensation Act?
b. Was the notice of injury in this matter proper?
c. What was the average weekly wage of the plaintiff?
 d. Any other issues which arise out of the evidence at this hearing.
6. The plaintiff's average weekly wage at the relevant time in issue could be determined from submission of a Form 22 which was received into evidence in this matter following the hearing.
Based upon the competent evidence presented the Full Commission adopts the findings of fact of the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a thirty-one year old male who was formerly employed by a subcontractor working with defendant, Mastercraft Construction Company, Inc., as a frame carpenter from whom Mastercraft had not obtained a certificate of insurance pursuant to N.C. Gen. Stat. § 97-19. On July 9, 1991, plaintiff was accidentally injured at work when a piece of masonite siding broke off and struck the right side of his face. Plaintiff was wearing safety glasses at the time. As a result of this injury, plaintiff sustained cuts above and below his right eye.
2. Immediately following this incident, plaintiff sought treatment from Dr. Mask, a specialist in internal medicine and anesthesiology, at the Raleigh Urgent Care Center. On July 9, 1991, Dr. Mask noted two facial lacerations. One was a three centimeter (3.0 centimeter) long laceration on the right eyebrow and the second was a half centimeter (2.5 centimeter) long laceration on the right inferior (lower) eyelid. Plaintiff did not present with any injury to the eye itself, did not complain of any vision problems and was not referred for ophthalmological evaluation.
3. Plaintiff was re-seen by Dr. Mask on July 15, 1991, for removal of his sutures. Plaintiff, again, did not complain of any eye or vision problems, although corneal abrasions, swelling or other problems with the eye itself would be painful immediately.
4. Medical evidence of record fails to reveal that plaintiff sought any additional treatment after July 15, 1991, for his right eye until he was seen by Dr. Beauchemin, an ophthalmologist, on May 2, 1993, almost two years after the July 1991 incident. At that time, plaintiff had no light perception in his right eye, he was in pain and had an abnormally high intraocular pressure in his right eye.
5. Prior to July 9, 1991, plaintiff had a history of treatment regarding his right eye consisting of an intracapsular cataract extraction including removal of the lens in 1972 which had been caused by trauma to plaintiff's right eye.
6. Plaintiff had also seen Dr. Mask for the first time on April 24, 1990, to whom he related a history of having been "poked in the right eye with a finger" two days earlier. On that occasion, plaintiff's vision was twenty over one hundred (20/100), and the diagnosis was corneal abrasion. Plaintiff was referred for ophthalmological evaluation.
7. Plaintiff again presented to Dr. Mask with another right eye injury on June 23, 1990, with the complaint of "having been poked in the right eye" the day before. Medical record of June 23, 1990, noted that the plaintiff had not followed through with the recommendation to see an ophthalmologist which he had previously been instructed to do in April 1990. Diagnosis was mid-corneal abrasion, and plaintiff was again referred for ophthalmological evaluation.
8. Prior to July 9, 1991, plaintiff had also experienced corneal abrasions from wearing his contact lens and had worn an eye patch over his right eye on occasion.
9. Dr. Beauchemin testified that he would be unable to render an opinion as to which traumatic injury caused plaintiff's phthisical eye condition. Plaintiff has failed to prove by the greater weight of the evidence that the injury he sustained on July 9, 1991 caused the eye condition for which he was subsequently treated by Dr. Beauchemin.
10. Furthermore, plaintiff has not proven that the eye condition for which he sought treatment from Dr. Beauchemin resulted from any injury which occurred as a result of an altercation with a co-worker at work. Plaintiff denied that Mr. Moore, a co-worker, hit him in the eye and Mr. Jacobson testified that any altercation between plaintiff and Mr. Moore did not occur on the job site.
11. As a result of the injury by accident plaintiff sustained on July 9, 1991, plaintiff sustained two cuts, one above and one below his right eye. However, said injury did not result in any facial disfigurement nor has plaintiff proven that said injury resulted in the eye condition for which plaintiff sought medical treatment after July 15, 1991.
* * * * * * * * * * * * * * * * * *
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On July 9, 1991, plaintiff sustained an injury by accident arising out of and during the course of his employment with a subcontractor who was working for defendant-Mastercraft Construction Company, Inc. On July 9, 1991, defendant-Mastercraft Construction Company, Inc., had not obtained a certificate of insurance from said subcontractor pursuant to N.C. Gen. Stat. § 97-19 and, therefore, shall be liable for said injury. N.C. Gen. Stat. § 97-19.
2. Plaintiff has failed to prove that he sustained any disability as a result of said injury. N.C. Gen. Stat. § 97-2(6).
3. Plaintiff is entitled to have defendants pay for all medical treatment rendered plaintiff for the lacerations he sustained as a result of the injury by accident occurring on July 9, 1991, specifically the treatment rendered by Dr. Mask on July 9 and July 15, 1991, as said treatment tended to effect a cure and give relief. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay the medical expenses incurred by plaintiff as a result of his July 9, 1991 injury by accident.
2. Defendants shall pay an expert witness fee in the amount of $200.00 to Dr. Beauchemin.
3. Defendants shall pay the costs.
 S/ ____________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
BSB:jmf